IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Juan Arreola, Individually and On Behalf of Others Similarly Situated <br> Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-3144 |
| DTK Facility Services, LLC and Ryan Bishop, Individually, <br> Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant DTK Facility Services, LLC ("DTK"), through its leadership including Ryan Bishop ("Bishop") (jointly, "Defendants") operates under a business plan that requires hourly non-exempt employees to work over 40 per workweek, misclassifies employees as independent contractors, and does not pay employees time-and-a-half for the hours that they work over 40 each week. DTK's failure to pay its workers the overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Juan Arreola ("Arreola" or "Plaintiff") is one of the workers hired by DTK as an hourly worker, misclassified as an independent contractor, and not paid overtime pay. Arreola and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA"). Arreola seeks notification for similarly situated individuals working for Defendants.

### Facts Supporting Relief

### Allegations Related to Plaintiff's and Hi Co-Workers' Claims

1. DTK hired Arreola in November of 2021 to perform performing cleaning,

janitorial, and maintenance work. Arreola worked from November of 2021 until June of 2022. Arreola's duties included, but were not limited to, cleaning floors, restrooms, and other aspects of the facility of a DTK customer.

2. During the time he worked for DTK, Arreola regularly worked more than 40 hours per week.

3. DTK paid Arreola on an hourly basis. DTK did not pay Arreola an overtime premium for any of the hours he worked over 40 in a workweek.

4. Arreola worked with other individuals who were paid on an hourly basis to clean DTK customers' facilities. These individuals also regularly worked over 40 hours per week, and they were also not paid overtime premium pay for hours they worked over 40 per workweek.

5. Bishop is a manager and director of DTK. Bishop is a person who can and, upon information and belief, did participate in making the decision to misclassify workers like Arreola as independent contractors and to not pay them time and a half for hours they worked over 40 in a workweek.

6. When they came up with their scheme to misclassify and underpay Arreola and his coworkers, DTK and its decision-makers knew that what they were doing was illegal. Their knowledge is demonstrated by the fact that when Arreola and his coworkers worked more than 40 hours in a workweek, DTK disguised their pay for the hours over 40 as a "Bonus." These workers received a "Bonus" on nearly every paycheck because they worked more than 40 hours in most of the weeks that they worked. If DTK did not know that their pay scheme was illegal, they would have had no reason to lie on their workers' pay records.

## Allegations Regarding FLSA Coverage

7. DTK is a Texas limited liability company covered by and subject to the overtime

requirements of the FLSA.

8. During each of the three years prior to this complaint being filed, DTK was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

9. During each of the three years prior to this complaint being filed, DTK regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

10. During each of the three years prior to this complaint being filed, DTK conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

11. During each of the three years prior to this complaint being filed, DTK's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

12. On its website, DTK states that it "provides services at over 500 facilities, employs over 1,515 employees, and provides services for an estimated 30 million square feet across 4 states." See https://dtkinc.com. This statement demonstrates that DTK is an "enterprise engaged in commerce" under the FLSA.

## Plaintiff's Claims

13. DTK was legally required to pay Arreola and its other hourly cleaning workers/ janitors ("Similarly Situated Workers") overtime pay for all hours that these individuals worked

for DTK over 40 in any workweek.

14. Arreola worked over 40 hours in many workweeks that he worked for DTK.

15. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for DTK.

16. DTK did not pay Arreola time-and-a-half for any of the overtime hours that he worked for DTK. DTK's underpayment of the Plaintiff, often referred to as "wage theft," allowed DTK to gain an unfair advantage in the marketplace as compared to other facility cleaning/janitorial companies that pay their employees all the money required by law.

17. DTK knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Arreola and the Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

18. Bishop is an "employer" of Arreola and the Similarly Situated Workers as that term is defined under the FLSA. Bishop is a control person of DTK. Bishop determined the pay scheme under which Arreola and the Similarly Situated Workers were paid, who had the power to determine the standards for employing and compensating DTK workers, and is a person who was ultimately responsible for keeping employment records for Arreola and the Similarly Situated Workers, and is thus individually liable for the damages sought in this lawsuit.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

19. DTK violated the FLSA by failing to pay Arreola overtime pay for hours worked over 40 per workweek.

20. Arreola has suffered damages as a direct result of Defendants' illegal actions.

21. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

22. Defendants were fully aware of the obligations to pay overtime to Arreola and the Similarly Situated Workers and yet continued to knowingly violate the FLSA's requirements. This means that the claims of the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

**Collective Action Allegations**

23. DTK's failure to pay its workers as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying cleaning/janitorial workers on an hourly basis and not paying them overtime premium pay. This generally applicable policy is prohibited by the FLSA. Thus, Arreola's experience is typical of the experiences of the Similarly Situated Workers.

24. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendant DTK Facility Services, LLC as cleaning or janitorial personnel (no matter their specific title) who are/were employed/engaged by and paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

25. The Court should order DTK to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

**Defendant, Jurisdiction, and Venue**

26. Defendant DTK Facility Services, LLC is a Texas limited liability company, was

an "enterprise" and an "employer" of Plaintiff as those terms are defined by the FLSA. DTK may be served through its registered agent, Ryan Bishop at 9821 Katy Freeway, Suite 500, Houston, Texas 77024, or at 1710 Creek Drive, Houston, Texas 77055, or wherever he may be found.

27. Defendant Ryan Bishop is an individual who was an "employer" of Arreola as that term is defined under the FLSA. He may be served with process at 9821 Katy Freeway, Suite 500, Houston, Texas 77024, or at 1710 Creek Drive, Houston, Texas 77055, or wherever he may be found.

28. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

29. Arreola demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing cleaning or janitorial work who are/were employed by and paid on an hourly basis by Defendant DTK Facility Services, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Arreola's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment

    interest;
6.     All costs and attorney's fees incurred prosecuting these claims;
7.     Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8.     Leave to amend to add claims under applicable state laws; and
9.     For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF JUAN ARREOLA**